UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY GROSS,<br>           Plaintiff,<br>   v.<br>SCOTTSDALE INSURANCE COMPANY, et al.,<br>           Defendants. | Case No. 24-cv-02069-EJD (VKD)<br><br>**ORDER RE APRIL 3, 2025 DISCOVERY DISPUTE RE BREEN TESTIMONY** |

The parties ask the Court to resolve a dispute regarding application of the the attorney work product doctrine. Dkt. No. 34. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

As explained below, the Court concludes that Mr. Breen may be deposed regarding the Breen report, which has already been disclosed, and factual information regarding the investigation he conducted.

## I. BACKGROUND

The background to this dispute is described in detail in the Court's prior order and will not be repeated here. *See* Dkt. No. 31. As the parties acknowledge, in that order, the Court concluded that the Breen report is not entitled to protection as an attorney-client privileged communication due to waiver. The parties disagree about whether Mr. Breen may be questioned about his investigation and his work leading up to preparation of the report.

## II. DISCUSSION

### A. Legal Standard

The attorney work product doctrine typically protects from discovery documents and

1    tangible things prepared by a party or his representative in anticipation of litigation or for trial.
2    Fed. R. Civ. P. 26(b)(3); *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020)
3    (citation omitted). "To qualify for work-product protection, documents must: (1) be prepared in
4    anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that
5    other party's representative." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (internal
6    quotes omitted). The doctrine's primary purpose is to "prevent exploitation of a party's efforts in
7    preparing for litigation." *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989);
8    *see United States v. Nobles*, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine
9    shelters the mental processes of the attorney, providing a privileged area within which he can
10   analyze and prepare his client's case."). Typically, work product protection extends to interview
11   notes, memoranda, summaries, and analyses, as well as to verbatim witness statements. *See*
12   *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Hatamian v. Advanced Micro Devices, Inc.,* No. 14-
13   cv-00226-YGR (JSC), 2016 WL 2606830, at *3 (N.D. Cal. May 6, 2016).

14         A party asserting work product protection bears the burden of demonstrating that the
15   protection applies. *See, e.g., Visa U.S.A., Inc. v. First Data Corp.*, No. 02-cv-1786 JSW (EMC),
16   2004 WL 1878209, at *5 (N.D. Cal. Aug. 23, 2004).

17         The protections afforded by the work product doctrine are not absolute and may be waived.
18   *Nobles*, 422 U.S. at 239. An express or voluntary disclosure of work product waives the
19   protection where such disclosure is made to an adversary in litigation or where the disclosure is
20   made in a manner that substantially increases the opportunities for potential adversaries to obtain
21   the work product. *Sanmina*, 968 F.3d at 1121 (citing 8 Charles Alan Wright & Arthur R. Miller,
22   *Federal Practice & Procedure* § 2024 (3d ed. 2020)); *see also Nidec Corp. v. Victor Co. of Japan*,
23   249 F.R.D. 575, 578 (N.D. Cal. 2007) ("[T]he work-product privilege may be waived by
24   disclosure to third parties which results in disclosure to an adversary party."). Work product
25   protection may also be waived implicitly by putting the protected work product at issue, such as
26   by asserting claims that the opposing party cannot adequately dispute unless it has access to that
27   protected work product. *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). Moreover,
28   even if the protection is not waived, work product may be discoverable if the materials meet the

United States District Court
Northern District of California

1  requirements of Rule 26(b)(1) and if the party seeking production shows a "substantial need for
2  the materials to prepare its case and cannot, without undue hardship, obtain their substantial
3  equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Upon such a showing, a court must
4  nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal
5  theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P.
6  26(b)(3)(B).

### B.     Does Work Product Protection Apply?

As the proponent of the work product protection, Scottsdale has the burden to demonstrate that the protection applies. Here, Scottsdale does not assert work product protection with respect to any documents; rather, it asserts that the protection extends to Mr. Breen's testimony about the investigation that he conducted. Specifically, Scottsdale contends that Mr. Breen may not be questioned about his "work and impressions" leading up to his report. Dkt. No. 34 at 5. Mr. Gross responds that work product protection does not apply because Scottsdale has not established that Mr. Breen's investigation was conducted in anticipation of litigation. *Id.* at 3.

A document is considered prepared "in anticipation of litigation" if it "can be fairly said to have been prepared or obtained because of the prospect of litigation." *ACLU of N. California v. United States DOJ*, 880 F.3d 473, 485 (9th Cir. 2018); *see also id.* at 486-87 ("We have never held . . . that attorney work product must be prepared in anticipation of specific litigation to be privileged, and we decline to do so here."). Scottsdale asserts that there is "no dispute" that Mr. Breen's investigation was conducted in anticipation of litigation, *see* Dkt. No. 34 at 5, but it ignores Mr. Gross's argument that the investigation was merely part of the "routine business of insurance companies" and not in anticipation of litigation, *see id.* at 2.

The greater difficulty is understanding what Scottsdale believes remains within the scope of the work product protection, given that Mr. Breen's report on the results of his investigation is not protected. Apart from the abbreviated reference to Mr. Breen's "work and impressions," it is entirely unclear what Scottsdale seeks to protect.

### C.     Has Work Product Protection Been Waived?

Although the Court is not persuaded that Scottsdale has adequately demonstrated that the

3

work product doctrine applies to any portion of Mr. Breen's anticipated testimony, the Court nevertheless considers whether any such protection has been waived in any event, as Mr. Gross contends.

Mr. Gross seems to argue that Mr. Breen's investigation and his mental impressions are necessarily at issue because this action involves a bad faith denial of coverage claim. Dkt. No. 34 at 3. Citing *Holmgren v. State Farm Mutual Automobile Insurance Company*, 976 F.2d 573 (9th Cir. 1992), Mr. Gross suggests as Scottsdale's agent, Mr. Breen's opinions and mental impressions are "directly at issue." *Id.* Scottsdale responds that its coverage decision "was not based upon Mr. Breen's report," and therefore his work and impressions are not at issue. *Id.* at 6. The parties' cursory discussion of this issue makes it difficult for the Court to assess. The Court discerns no clear connection between Mr. Breen's report and Scottsdale's later denial of coverage to Mr. Stoll and Mr. Robbins; indeed, Mr. Gross's theory seems to be somewhat speculative. *See id.* at 3. As the Ninth Circuit has instructed, "such opinion work product is discoverable only 'when mental impressions are at issue in a case and the need for the material is compelling.'" *Sanmina Corp.*, 968 F.3d at 1125 (quoting *Holmgren*, 976 F.2d at 577). Mr. Gross has not made the necessary showing, and the Court declines to find an implied waiver simply because Mr. Gross asserts a bad faith claim.

Mr. Gross also argues more generally that any work product protection relating to Mr. Breen's investigation has been waived because the Breen report is not protected and because Mr. Breen did not take steps to keep the conduct of his investigation secret or confidential, but instead discussed what he was doing with Mr. Gross's counsel, Mr. Quadra. *Id.* at 4. Scottsdale does not respond to this argument. *See generally id.* at 5-6. The Court finds Mr. Gross's arguments here persuasive to the extent they concern Mr. Breen's non-opinion work product. Indeed, Mr. Breen has already provided at least some testimony regarding how he conducted his investigation and the preparation of his report, without objection from Scottsdale's counsel. *See* Dkt. No. 26, Ex. 2 (Breen dep. 40:14-42:1). Thus, to the extent any work product protection remains, the Court finds that it has been waived with respect to any matters previously disclosed in the Breen report and the factual, non-opinion work product relating to Mr. Breen's conduct of his investigation.

4

Conversely, Mr. Gross has not established any justification for compelled disclosure of Mr. Breen's "mental impressions, conclusions, opinions, or legal theories" that have not already been disclosed in the Breen report or otherwise.

### III. CONCLUSION

For the reasons explained above, the Court concludes that Mr. Gross may question Mr. Breen in a further deposition regarding (1) the contents of the Breen report, and (2) factual information regarding the investigation he conducted. As fact discovery has otherwise closed, Mr. Gross may not seek any additional discovery of Mr. Breen.

**IT IS SO ORDERED.**

Dated: April 15, 2025

Virginia K. DeMarchi
United States Magistrate Judge