**COZEN O'CONNOR**
Valerie D. Rojas
*vrojas@cozen.com*
601 South Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone: (213) 892-7965
Facsimile: (213) 784-9076

Attorney for Defendant SCOTTSDALE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY GROSS, individually and derivatively on behalf of FLORA BIOSCIENCE, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation, and DOES 1 through 10, inclusive<br><br>Defendants,<br><br>and<br><br>FLORA BIOSCIENCE, INC., a Delaware corporation.<br><br>Nominal Defendant. | Case No. 5:24-cv-02069-EJD<br><br>[State Court Case No. 23CV427755]<br><br>**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Filed Concurrently with Response Statement of Undisputed Facts]<br><br>**DATE: NOVEMBER 19, 2025**<br>**TIME: 9:00 A.M.**<br>**COURTROOM: 4** |

Defendant Scottsdale Insurance Company ("Scottsdale") hereby submits the following Reply in support of its motion for summary judgment, or in the alternative, for partial summary judgment ("Motion").

**TABLE OF CONTENTS**


**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT .......... 6

II. OBJECTIONS TO EVIDENCE .......... 7

III. LEGAL ARGUMENT .......... 7

A. The Underlying Lawsuit was brought on Behalf of Insureds and Therefore, the Insured versus Insured Exclusion Bars Coverage .......... 7

B. Gross's Claims for Bad Faith Fail As A Matter of Law Because The Insured Versus Insured Exclusion Bars Coverage .......... 11

C. Gross Cannot Contend that Scottsdale Delayed its Investigation of Flora's Claim Because Gross Does Not Make This Allegation in His First Amended Complaint .......... 14

D. Gross's Evidence Shows That Scottsdale Accepted Coverage of Flora's Claim and Assigned Defense Counsel's Investigation Began Within 40 Days .......... 15

E. Scottsdale is Entitled to Judgment as a Matter of Law on Plaintiff's Claim for Punitive Damages .......... 16

IV. CONCLUSION .......... 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*21st Century Ins. Co. v. Superior Court*, 47 Cal.4th 511 (2009) ........ 12

*Adams v. Allstate Ins. Co*., 187 F. Supp. 2d 1207 (C.D. Cal. 2002) ........ 13

*Adams v. Allstate Ins. Co*., 187 F. Supp. 2d 1219 (C.D. Cal. 2002) ........ 11, 13

*Alex R. Thomas & Co. v. Mut. Serv. Cas. Ins. Co*., 98 Cal. App. 4th 66 (2002) ........ 11

*Barroso v. Ocwen Loan Servicing, LLC*, 208 Cal.App.4th 1001 (2012) ........ 12

*Bush v. Superior Court*, 10 Cal.App.4th 1374 (1992) ........ 17

*California Union Ins. Co. v. Poppy Ridge Partners* (1990) 224 Cal.App.3d 897 ........ 10

*Coleman v. Quaker Oats Co*., 232 F.3d 1271 (9th Cir. 2000) ........ 15

*Comprehensive Medical Center, Inc. v. State Farm Mutual Automobile Insurance*, 690 F.Supp.3d 1104 (C.D. Cal. 2023) ........ 14

*Dollinger DeAnza Assocs. v. Chicago Title Ins. Co*., 199 Cal.App.4th 1132 (2011) ........ 10

*Free v. Republic Ins. Co*., 8 Cal. App. 4th 1726 (1992) ........ 13

*Garamendi v. Golden Eagle Ins. Co*., 116 Cal.App.4th 694 ........ 10

*Gonzalez v. Fire Ins. Exch*., 234 Cal. App. 4th 1220, 184 Cal.Rptr.3d 394 (2015) ........ 11

*Harris v. Gulf Ins. Co.*,
297 F.Supp.2d 1220 (N.D. Cal. 2003) .......... 8, 9, 10

*Komorsky v. Farmers Ins. Exch.*,
33 Cal.App.5th 960 (2019) .......... 10

*Kopczynski v. Prudential Ins. Co.*,
164 Cal. App. 3d 846, 211 Cal.Rptr. 12 (1985) .......... 12

*Love v. Fire Ins. Exch.*,
221 Cal. App. 3d 1136 (1990) .......... 11

*Macey v. Allstate Prop. & Cas. Ins. Co.*,
220 F. Supp. 2d 1116 (N.D. Cal. 2002) .......... 12

*Manneck v. Lawyers Title Ins. Corp.*
(1994) 28 Cal.App.4th 1294 .......... 10

*Mercury Ins. Co. v. Pearson*,
169 Cal.App.4th 1064 (2008) .......... 10

*Murphy v. Allstate Insurance Co.*,
17 Cal.3d 937 (1976) .......... 17

*Paper Savers, Inc. v. Nacsa*,
51 Cal.App.4th 1090 (1996) .......... 12, 13

*People v. Superior Court*,
9 Cal.3d 283 (1973) .......... 17

*Peoplesupport Rapid Text Inc. v. Illinois Union Ins. Co.*,
2009 WL 10314275 (C.D. Cal. 2009) .......... 9

*Pickern v. Pier 1 Imports (U.S.), Inc.*,
457 F.3d 963 (9th Cir. 2006) .......... 15

*Roberts v. Assurance Co. of Am.*,
163 Cal. App. 4th 1398 (2008) .......... 11

*San Diego Housing Com. v. Industrial Indemnity Co.*,
68 Cal.App.4th 526 (1998) .......... 11

*Soremekun v. Thrifty Payless, Inc.*,
509 F.3d 978 (9th Cir. 2007) .......... 16

*Waller v. Truck Ins. Exchange, Inc.*
11 Cal.4th 1 (1995) .......... 10

**Statutes**

Cal. Civ. Code § 3294(b) .......... 17

Cal. Civ. Code § 3294(c)(3) .......... 17

**Other Authorities**

10 CCR § 2695.7(b) .......... 16

10 CCR § 2695.7(b)(1) .......... 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In its Motion for Summary Judgment or Partial Summary Judgment ("Motion"), Scottsdale demonstrates that the Insured vs. Insured Exclusion applies to bar coverage for the Underlying Lawsuit. Plaintiff Terry Gross ("Gross" or "Plaintiff") arguments in response require the Court to improperly ignore the express language of the Policy and well settled law precluding the creation of coverage where none exists.

Gross does not contend that the Insured versus Insured Exclusion was not triggered when he filed his lawsuit against Flora Bioscience, Inc.'s ("Flora") former directors Robert Robbins ("Robbins") and Mark Stoll ("Stoll"). Instead, Gross contends that the Insured versus Insured Exclusion does not apply because either an exception in the Exclusion applies to reinstate coverage, or statements allegedly made by Scottsdale's claim representative to a former director of Flora, Scott Verges ("Verges"), somehow precludes application of the Exclusion. As demonstrated below, the exception to the Exclusion that Gross relies upon does not apply based upon its plain language, and it is well settled that the doctrines of waiver or estoppel cannot be used to create coverage where none exists. Additionally, the Policy specifically states that its terms cannot be changed absent an endorsement "in writing," which does not exist here. Thus, any alleged hearsay statements are not only inadmissible, but they cannot serve as the basis for changing the Policy's Insured versus Insured Exclusion in any event.

Gross further contends that Scottsdale acted in bad faith in denying coverage based upon the Insured versus Insured Exclusion, and by failing to accept or deny coverage within 40 days of Flora's tender of Gross's Demand Letter to Scottsdale on December 20, 2018. Gross's claims for bad faith fails as a matter of law because the Insured versus Insured Exclusion applies to bar coverage, Gross's own evidence shows that Scottsdale contacted Gross's attorney, James Quadra ("Quadra") and

Verges in January 2019 to accept the claim and advise of assignment of defense counsel for Flora. By January 25, 2019, Gross, Quadra and Verges were meeting with assigned defense counsel to discuss Gross's Demand Letter. See, Gross Decl., ¶ 6, Quadra Decl., ¶ 4, and Verges Decl., ¶ 6. Thus, Scottsdale accepted coverage and defense counsel's investigation no later than thirty-five days after Flora tendered the Demand Letter to Scottsdale. Also, Gross did not allege any such delay in his First Amended Complaint ("FAC"), and it is well settled that he cannot add such claims at the summary judgment stage.

Finally Gross alleges that he is entitled to punitive damages against Scottsdale because Scottsdale supposedly "defrauded Gross," but Gross brings this action as an assignee of Robbins' and Stoll's claims against Scottsdale and there is no evidence of any fraud against Robbins or Stoll, or Gross for that matter, and Gross does not allege there is. Moreover, Robbins' and Stoll's claims for punitive damages cannot be assigned as a matter of law. Thus, Scottsdale requests that the Court enter summary judgment, or in the alternative, partial summary judgment in its favor.

## II. <u>OBJECTIONS TO EVIDENCE</u>

Scottsdale objects to the declaration of Scott Verges ("Verges") ¶¶ 10 (to the extent it quotes a report), 12, 13, and 15 -18, as alleged statements made by Aaron Klass ("Klass") and Gross are hearsay. FRE 802. Scottsdale objects to the declaration of Gross ¶¶ 5, 6, 7, 11, 13, as quotes from letters and reports, and statements allegedly made by Verges and Joseph Breen ("Breen"), are hearsay and double hearsay. FRE 802. Scottsdale objects to the declaration of James Quadra ("Quadra") ¶¶ 4, 5 and 6, as statements made by Gross and Breen, are hearsay. FRE 802.

## III. <u>LEGAL ARGUMENT</u>

### A. <u>The Underlying Lawsuit was brought on Behalf of Insureds and Therefore, the Insured versus Insured Exclusion Bars Coverage</u>

Gross contends that the Insured versus Insured Exclusion does not bar coverage because either an exception to the Exclusion applies to reinstate coverage or because

Scottsdale's claim representative allegedly stated that Gross becoming a director would not impact Flora's claim. However, Gross's arguments fail as a matter of law because the plan language of the exception demonstrates that it does not apply to reinstate coverage, and coverage cannot be created by waiver or estoppel.

First, Gross contends that an exception to the insured versus insured exclusion for derivative claims applies such that the claims by Robbins and Stoll are covered. The Insured versus Insured exclusion states that the:

> "**Insurer** shall not be liable for **Loss** under this Coverage Section on account of any **Claim**… brought or maintained by, on behalf of, in the right of, or at the direction of any **Insured** in any capacity, any **Outside Entity** or any person or entity that is an owner of or joint venture participant in any **Subsidiary** in any respect and whether or not collusive unless such **Claim**":
>
> "i. is brought derivatively by a securities holder of the Parent Company and is instigated and continued totally independent of, and totally without the solicitation, assistance, active participation of, or intervention of, any Insured." Ex. A, Policy, pg. 27, D&O Coverage Section, Exclusions § C.1.e.

Gross is an Insured who instigated, continued and actively assisted and participated in his own lawsuit on his behalf as well as on behalf of Flora against Insureds Robbins and Stoll, and it is undisputed that Verges also assisted in the litigation when he provided the Investigative Report to Gross before Gross filed his lawsuit. Therefore, the exception cannot apply by its plain terms as the Underlying Action was *not* instigated and continued totally independent of, and totally without the solicitation, assistance, active participation of, or intervention of, any Insured.

Gross relies upon *Harris v. Gulf Ins. Co.*, 297 F.Supp.2d 1220, 1223 (N.D. Cal. 2003) in support of his argument against the application of the Exclusion. However, *Harris* is distinguishable and does not support Gross's contentions. First, in *Harris*, the insured versus insured exclusion in that policy was different than the exclusion in the Policy issued to Flora. The Policy issued to Flora specifically states that the Insured versus Insured Exclusion applies to bar coverage for a claim by an Insured "whether or not collusive." This is significant because in *Harris*, the insured

versus insured exclusion does not include this phrase. Therefore, the court in *Harris* held that insured versus insured exclusion did not bar coverage in that case because its "interpretation avoids the problems of absurdity, violations of public policy, and illusory coverage inherent in Gulf's proposed interpretation, while providing Gulf with protection from *collusive suits, which was apparently the primary reason that such exclusions were adopted*." *Id*. at 1227 (emphasis added). The *Harris* court's holding and rationale cannot apply here because the Insured versus Insured Exclusion in the Flora Policy applies "whether or not collusive." In other words, it does not matter whether or not another Insured will "obtain some economic benefit" or colluded in the lawsuit as the *Harris* court required for the exclusion to apply.

Second, in *Harris*, the Insureds who provided information to the plaintiff, were not themselves plaintiffs in the action, unlike in this case. Here, Gross is an Insured *and* the plaintiff in the action. Gross clearly instigated, maintained and actively participated in his own lawsuit. Third, even if *Harris* did apply (it does not), Gross was instigating and maintaining the action to gain an economic benefit for himself, unlike the Insureds in *Harris*.

Third, other courts have rejected insureds attempts to rely upon *Harris* to defeat application of the Insured versus Insured Exclusion. When another insured plaintiff attempted to rely upon *Harris* to circumvent the Insured versus Insured Exclusion, the court distinguished *Harris* pointing out that, "Plaintiffs contend that a potential for coverage remains to the extent that some courts do not apply the I v. I exclusion when the underlying action is not collusive. But Plaintiffs cite to no controlling authority for this proposition. Rather, Plaintiffs rely on *dicta from distinguishable cases that provide no persuasive authority for circumventing the I v. I exclusion*, under which the Brownstein Action was plainly not covered while Brownstein remained a director and, therefore, an insured under the Policy. [citations omitted]" *Peoplesupport Rapid Text Inc. v. Illinois Union Ins. Co*., 2009 WL 10314275, *8

(C.D. Cal. 2009) (emphasis added). Similarly, as noted above, *Harris* is distinguishable from Gross's action and not applicable.

Gross next asserts that the Insured versus Insured Exclusion should not apply because Scottsdale's claim representative supposedly stated that if Gross became a director of Flora, this would not impact the claim concerning Gross's Demand Letter. However, Gross fails to cite to any case law which would support a claim for breach of contract based upon alleged oral representations that contradicts the express terms of the contract. "The rule is well established that the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom...." [Citation.] *Manneck v. Lawyers Title Ins. Corp*. (1994) 28 Cal.App.4th 1294, 1303; *Waller v. Truck Ins. Exchange, Inc*. 11 Cal.4th 1, 32 (1995); *Dollinger DeAnza Assocs. v. Chicago Title Ins. Co*., 199 Cal.App.4th 1132, 1154 (2011); *Komorsky v. Farmers Ins. Exch*., 33 Cal.App.5th 960, 972-973 (2019). Further, an adequate reservation of rights will prevent waiver or estoppel. *Garamendi v. Golden Eagle Ins. Co*., 116 Cal.App.4th 694, 719; *California Union Ins. Co. v. Poppy Ridge Partners* (1990) 224 Cal.App.3d 897, 901–902. Here, Scottsdale's March 2019 letter expressly reserved rights, including the right to withdraw coverage. It is also undisputed that Scottsdale sent letters to Flora, Robbins and Stoll in which it reserved rights. Thus, Gross cannot create coverage by waiver or estoppel.

Further, the terms of the Policy cannot be changed or waived absent a written endorsement. The Policy states that, "Notice to any agent or knowledge possessed by any agent or other person acting on behalf of Insurer shall not effect a waiver or a change in any part of this Policy or estop Insurer from asserting any right under the terms of this Policy or otherwise, nor shall the terms be deemed waived or changed except by written endorsement or rider issued by Insurer to form part of this Policy." See, Ex. A, pg. 5 of 5, Condition N. Entire Agreement. When a Policy contains such a provision "oral statements do not change the terms of the policy." *Mercury Ins. Co.*

*v. Pearson*, 169 Cal.App.4th 1064 (2008) ("Mercury could not as a matter of law have authorized or ratified such misrepresentations in light of the policy's" provisions").

"To satisfy its burden, an insurer need not 'disprove every possible cause of the loss' and once the insurer establishes the claim is excluded, the burden shifts to the insured to show a triable issue of material fact exists." *Roberts v. Assurance Co. of Am*., 163 Cal. App. 4th 1398, 1406 (2008). (quoting *Alex R. Thomas & Co. v. Mut. Serv. Cas. Ins. Co*., 98 Cal. App. 4th 66, 73 (2002)). "An insured has the burden of proving its claim falls within the scope of the policy's basic coverage, even where the insurer brings a motion for summary judgment." *Gonzalez v. Fire Ins. Exch*., 234 Cal. App. 4th 1220, 1230, 184 Cal.Rptr.3d 394 (2015) (quoting *Roberts*, 163 Cal. App. 4th at 1407). Gross acknowledges that Scottsdale established that the Insured versus Insured Exclusion applies, which is why Gross attempts to invoke an exception to the Exclusion, and an excuse for why it should not apply. However, Gross has failed to meet his burden and therefore, Scottsdale requests that it's motion be granted.

**B. <u>Gross's Claims for Bad Faith Fail As A Matter of Law Because The Insured Versus Insured Exclusion Bars Coverage</u>**

Gross's second and third claims for bad faith are based entirely upon his contention that Scottsdale's denial of coverage was unreasonable or otherwise made in bad faith. Gross's bad faith claims fails as a matter of law because when there is no potential for coverage, a cause of action for bad faith in the investigation and processing of a claim will not lie. *San Diego Housing Com. v. Industrial Indemnity Co*., 68 Cal.App.4th 526, 544–545 (1998).

Gross's claims for breach of the covenant of good faith and fair dealing as well as the associated request for an award of punitive damages are dependent on the breach of contract claim. *Love v. Fire Ins. Exch*., 221 Cal. App. 3d 1136, 1151 n.10, 1153 (1990) (requiring an insured to demonstrate breach of contract before it can recover for bad faith); *Adams v. Allstate Ins. Co*., 187 F. Supp. 2d 1219, 1231 (C.D. Cal. 2002) ("[A] plaintiff who is not able to survive summary judgment on an

insurance bad faith claim, is also unable to survive summary judgment on a related claim for punitive damages."); see also *Kopczynski v. Prudential Ins. Co*., 164 Cal. App. 3d 846, 849, 211 Cal.Rptr. 12 (1985). Because Gross cannot establish coverage under the Policy, his claims for bad faith also fail as a matter of law.

Even if Gross could establish coverage, Gross would still need to show that Scottsdale's claim decision was *unreasonable* in order to establish a claim for bad faith. Gross cannot do so because Scottsdale's coverage decision, even if incorrect, was not unreasonable. As discussed above, Gross is an Insured, the Insured versus Insured Exclusion bars coverage for claims by an Insured, Gross sued insureds Robbins and Stoll, and the exception Gross relies upon does not apply.

And Gross cannot use his claims for bad faith to create coverage. "[A]n implied covenant of good faith and fair dealing cannot contradict the express terms of a contract." *Barroso v. Ocwen Loan Servicing, LLC,* 208 Cal.App.4th 1001, 1014 (2012). The implied covenant cannot be used to create additional obligations not present in a contract, and cannot be used to vary the terms of an unambiguous contract. *21st Century Ins. Co. v. Superior Court,* 47 Cal.4th 511, 527 (2009).

The cases Gross relies upon are inapplicable. For example, Gross cites to a series of cases involving negligence claims against agents, which are also inapplicable given the difference in facts and claims. In *Macey v. Allstate Prop. & Cas. Ins. Co*., 220 F. Supp. 2d 1116, 1126 (N.D. Cal. 2002), the issue was whether insurance agents were properly joined in the action for purposes of ruling on a motion to remand, and the federal court held that it was not clear whether a California court would allow an insured to state a claim against an insurance agent. The court then granted the motion to remand. *Id*. *Macey* does not apply because there is no insurance agent being sued, there are no jurisdictional issues in this case and there is no issue about whether an insurance agent can be sued.

Similarly, *Paper Savers, Inc. v. Nacsa*, 51 Cal.App.4th 1090, 1097 (1996) involved an agent's liability for negligence. Paper Savers sued the insurance agent

for negligence based upon alleged misrepresentations made to induce the insured to purchase a certain type of insurance. The court held that if the insurance agent assumed a "special duty", then he may be held liable when making representations while selling insurance. In this case, there are no claims against an insurance agent, no evidence that any agent assumed a special duty, no evidence of misrepresentations in the sale of the Policy and no claim for negligence. *Id*. *Paper Savers* does not apply.

And *Free v. Republic Ins. Co*., 8 Cal. App. 4th 1726, 1729 (1992) is also distinguishable because there an insured brought an action alleging that *insurance agencies* were negligent in failing to inform him that the coverage limits under his homeowners policy were inadequate, with the result that he purchased a policy with limits that were insufficient to allow him to replace the home after it was destroyed by fire. In this case there are no claims against an insurance agent, no evidence that any agent assumed a special duty, no evidence of misrepresentations in the sale of the Policy and no claims for negligence. *Id*. This case involves a claim for breach of an insurance contract, which cannot be changed by oral statements.

Gross also cites *Adams v. Allstate Ins. Co*., 187 F. Supp. 2d 1207, 1215 (C.D. Cal. 2002) for the proposition that the "court's consideration of bad faith includes whether 'the insurer's employees lie … to the insured'", but the issue in that case was whether a first party insurer can rely upon an expert witness to support its contention that coverage was subject to a genuine dispute. The court held that one of the factors the court could consider in determining whether the insurer's expert's report was "based on biased investigation" is whether the expert relied upon employees "lie during deposition or to the insured," among many other factors, which Gross does not discuss. *Id*. *Adams* is distinguishable because Scottsdale does not rely upon an expert witness to support its coverage position here. There is no basis to evaluate the factors required to determine whether an expert witnesses' report was "based on biased investigation."

Recognizing the weakness of his bad faith claims, Gross now, for the first time, contends that Scottsdale acted in bad faith by delaying its investigation and coverage decision. As discussed below, Gross cannot belatedly add claims that do not exist in his FAC in order to defeat summary judgment, and Gross's contention is factually incorrect in any event.

**C. <u>Gross Cannot Contend that Scottsdale Delayed its Investigation of Flora's Claim Because Gross Does Not Make This Allegation in His First Amended Complaint</u>**

A defendant cannot create new allegations not set forth in his complaint in an effort to defeat a summary judgment motion. *Comprehensive Medical Center, Inc. v. State Farm Mutual Automobile Insurance*, 690 F.Supp.3d 1104, 1114-1115 (C.D. Cal. 2023). Nonetheless, this is exactly what Gross attempts to do. In his opposition, Gross asserts that Scottsdale "failed to accept or deny the Claim within forty days of the Claim's tender on December 20, 2018 [sic], instead waiting 85 days to simply confirm to Flora on March 15, 2019 that Scottsdale retained a law firm to investigate the Claim . . ." and that Scottsdale "delayed (wrongly) any decision on the Claim until it learned that Gross became Flora's only director." Opp. 13:3-6.

One fundamental problem with Gross's assertion in this regard is that Gross has not alleged in his FAC (or original Complaint) that Scottsdale delayed its investigation or decision concerning Flora's claim – because it did not. Rather, Gross's claims for bad faith are strictly limited to his allegation that Scottsdale unreasonably denied Robbins' and Stoll's claims.

In particular, in his second cause of action for breach the implied covenant of good faith and fair dealing, Gross alleges that,

> "Scottsdale breached the implied covenant of good faith and fair dealing in the Policy by failing to indemnify and insure Stoll and Robbins for their liability as a result of the Action. Scottsdale instead injured the right of Stoll and Robbins to receive the benefits of the Policy by intentionally or negligently allowing the appointment of Gross as a Director of the Company, then using that appointment as a pretext to deny coverage based on the Insured v. Insured Exclusion which Scottsdale falsely asserted in bad faith. In so doing, Scottsdale placed its

> own interests over and above the interests of Stoll, Robbins, and the Company." Doc. 30, FAC ¶ 33.

Again, in his third cause of action for bad faith denial of insurance claim, Gross alleges that,

> Scottsdale is liable in tort for bad faith by denying coverage to Stoll and Robbins under the Policy and by failing to investigate fully and in good faith the applicability of the Insured v. Insured Exclusion on which Scottsdale relied to refuse to perform its obligations under the Policy. Scottsdale's refusal to provide coverage under the Policy was unreasonable and without proper cause. Doc. 30, FAC ¶ 33.

Gross cannot expand these allegations in an effort to defeat Scottsdale's summary judgment motion. Any motion for summary judgment is framed by the allegations in the pleadings. A plaintiff cannot allege one theory of liability in a complaint and then "turn around and surprise [a defendant] at the summary judgment stage" with a different theory of liability. *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1292-93 (9th Cir. 2000); see also *Pickern v. Pier 1 Imports (U.S.), Inc*., 457 F.3d 963, 969 (9th Cir. 2006) (summary judgment appropriate where complaint gave "no notice of the specific factual allegations presented for the first time in [Plaintiff's] opposition to summary judgment."). That is because "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman*, 232 F.3d at 1292. Accordingly, Gross's arguments concerning any alleged delay by Scottsdale in its claim investigation or decision fails as a matter of law on this basis alone.

### D. <u>Gross's Evidence Shows That Scottsdale Accepted Coverage of Flora's Claim and Assigned Defense Counsel's Investigation Began Within 40 Days</u>

Gross alleges that Scottsdale delayed in handling Flora's claim by failing to accept or deny coverage within 40 days. Even if Gross had made this allegation in his FAC, Gross's contention would be erroneous. Gross's own evidence establishes that Scottsdale contacted Flora and Gross's own counsel within 40 days to advise that defense counsel had been assigned. Gross submits his own declaration as well as the declarations of his attorney, Quadra, and Verges, Flora's then representative. Quadra

and Verges both state that Scottsdale and assigned defense counsel contacted them in January 2019 to acknowledge the claim, advise of the assignment of defense counsel for Flora, and by January 25, 2019, Scottsdale's assigned defense counsel was meeting with Gross, Quadra, Verges and others. See, Quadra Decl., ¶¶ 3-4, and Verges Decl., ¶¶ 5-6. Gross confirms that he attended the meeting with defense counsel on January 25, 2019. Gross Decl, ¶ 6. Gross cannot simply attempt to create a triable issue of fact by contradicting his own evidence and testimony. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

In addition, Gross ignores that the regulation he relies upon does not require an insurer to accept coverage in writing within 40 days. Instead, the regulation merely provides that after receiving proof of a claim, the insurer must "in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part." 10 CCR § 2695.7(b). There is no requirement that an acceptance of coverage, which is what Scottsdale initially did, be in writing. *Id*. An insurer is only required to advise the insured "in writing" when it "denies or rejects a third party claim," which is what Scottsdale did when it later withdrew coverage. 10 CCR § 2695.7(b)(1).

Scottsdale accepted coverage and provided a defense by no later than the January 25, 2019 meeting between Gross, Quadra, Verges and Breen. Gross's contention concerning an alleged delay is simply wrong.

### E. <u>Scottsdale is Entitled to Judgment as a Matter of Law on Plaintiff's Claim for Punitive Damages</u>

Further, Gross is bringing this action as an assignee of Robbins and Stoll's claims. Gross has no personal claim against Scottsdale. Doc. 30, FAC, ¶¶ 24, 30, 33, 34. Instead, Gross must prove that fraud was committed against Robbins and Stoll, which he does not attempt to prove because he cannot. "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant

with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. Cal. Civ. Code § 3294(c)(3). There is no evidence or contention of fraud against Robbins or Stoll.

Also, there is no evidence that Scottsdale as the "(employer) was personally guilty of 'oppression, fraud, or malice' or that it either had advance knowledge of the unfitness of its employee and employed him in conscious disregard of the rights of others; or authorized or ratified the wrongful conduct," which is required to impose punitive damages on Scottsdale based upon an employee's alleged conduct. Cal. Civ. Code § 3294(b). Absent proof of Scottsdale's fraud or ratification of fraud, Gross's claim for punitive damages fails for this additional reason. *Id*.

Finally, to the extent that Gross is attempting to assert a claim for punitive damages based upon assignment of claims from Robbins and Stoll (or Alderete), it is well settled that claims for punitive damages cannot be assigned as a matter of law. *Murphy v. Allstate Insurance Co*., 17 Cal.3d 937, 942 (1976); *People v. Superior Court*, 9 Cal.3d 283, 287 (1973); *Bush v. Superior Court*, 10 Cal.App.4th 1374, 1382 fn. 2 (1992). Accordingly, Gross is not entitled to punitive damages.

## IV. CONCLUSION

Scottsdale respectfully requests that the Court grant its Motion, or in the alternative grant partial summary judgment.

October 30, 2025 COZEN O'CONNOR

By: [signature]

Valerie D. Rojas
Attorney for Defendants
SCOTTSDALE INSURANCE COMPANY